## Merchants Ice & Cold Storage Company v. Commonwealth, By, et al.

(Decided June 17, 1913.)

### Appeal from Franklin Circuit Court.

1. Taxation—License Tax on Ice Factories—Proceeding by Revenue Agent—Construction of Statute.—In a proceeding by a Revenue Agent against appellant whose business is that of manufacturing ice and conducting a cold storage business, seeking to tax its

total capital stock at the rate of thirty cents on each $1,000 thereof, under the provisions of the Act of 1906, Held, Under the provisions of section 4224 of the Kentucky Statutes, which is the general law fixing license taxes, appellant is liable to pay a license tax on each of its ice factories, and as alleged in its answer it does pay the same; and if its sole business was the manufacture and sale of ice, under the express provision of section 4189a, of the Kentucky Statutes, it would be wholly excepted out of the provision requiring the payment of a license tax on its capital stock. It would be doing violence to the very plain provisions of that section to say that it was liable for the payment of such license tax on its capital stock which is employed by it in the manufacture and sale of ice.

2.  Taxation—Revenue Statutes—Construction of.—Courts will not construe revenue statutes so as to bring about double taxation when any other reasonable interpretation can be put upon them.

3.  Taxation—Where a Manufacturing Company Both Manufactures Ice and Conducts Cold Storage Business—Payment of License Taxes.—Where a manufacturing company conducts both an ice manufacturing business and a cold storage business, and pays a license tax only on its ice factories, it is liable for the payment of a license tax on so much of its capital stock as is employed, or used by it in the conduct of its cold storage business.

GIBSON & CRAWFORD for appellant.

ARTHUR E. HOPKINS and McQUOWN & BECKHAM for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant is a domestic corporation engaged in manufacturing and selling ice, and in conducting a cold storage business in the city of Louisville.

This action was instituted against it by a Revenue Agent seeking to tax its total capital stock of $1,500,000 at the rate of thirty (30) cents on each $1,000 thereof under the provisions of the revenue act of 1906. The petition alleges that under the act it was the duty of the defendant to file with the Auditor of Public Accounts on or before the first day of February in each of the years of 1907, 1908, 1909, 1910 and 1911 a verified report showing, among other things, the total amount of its authorized capital stock, the value of the property owned and used by it in Kentucky, and out of Kentucky, the aggregate amount of business transacted by it during the preceding year, and the proportion of such business transacted in Kentucky, in order that the Auditor might ascertain the amount of taxes due by it; and that it failed in each of these years to file any such report, and it is

alleged that said revenue act provides that such failure to so report shall be deemed conclusive evidence that such corporation so failing, elects to pay such tax upon its entire authorized capital stock; and makes it the duty of the Board of Valuation and Assessment to so fix its license tax, and alleges that it was so fixed by such Board for each of the said years; that notice of such action of the Board was given the defendant, and that it failed to appear before the Board either in person or by attorney within thirty days thereafter, and that thereupon the said assessment became final.

The defendant answered denying its liability for the tax upon the ground that during each of the years named, it was liable to pay, and did pay to the State a license tax to carry on its business; and alleging further, that its principal business was that of operating ice factories for the manufacture and sale of ice, and that its other business was merely incidental to, and a part of the business of manufacturing ice; and that during each of the years named it paid to the State a separate annual license tax on each of its six ice factories in Jefferson County.

To this answer a demurrer was sustained, and the defendant declining to plead further, the court rendered a judgment against appellant for the full amount of the tax on its capital stock at thirty cents per $1,000 for each of the years named.

The correctness of this ruling depends upon an interpretation of the statute, and brings us to the consideration of two questions:

(1)   Is appellant within the class of excepted corporations designated by the statute.

(2)   Even if that part of appellant's capital stock which is employed in the manufacture and sale of ice is exempt by reason of the payment of the license tax on the ice machines, is that part of its capital stock employed in the business of operating cold storage plants also exempt?

The two sections involved are sections 4189a and 4189c of the Kentucky Statutes, and are as follows, to-wit:

"4189a.—All corporations having capital stock divided into shares, organized by or under the laws of this or any other state or government owning property or doing business in this State, except foreign insurance companies, whether fire, life, accident, casualty or indemnity, foreign and domestic building and loan asso-

ciations, banks and trust companies, and all corporations which, under this act or the general law, are liable to pay a franchise or license tax, shall pay to this State an annual license tax based upon its authorized capital stock, as hereinafter provided.''

''4189c. Domestic and foreign corporations shall pay an annual license tax of thirty cents on each one thousand dollars of that part of their authorized capital stock represented by property owned and business transacted in this State, which shall be ascertained by finding the proportion that the property owned and business transacted in this State bears to the aggregate amount of property owned and business transacted in and out of this State.

''Provided, That such corporations may pay at said rate upon their entire authorized capital stock; and in that event they shall not be required to report as in subdivision number three (3) of section four (4) (4189d) hereof. And their failure so to report shall be deemed conclusive evidence that such corporation elects to pay upon its entire authorized capital stock, and it shall be its duty so to do, and the duty of the board of valuation and assessment so to fix its license tax.''

(1)    Under the provisions of section 4224 which is the general law fixing license taxes, appellant is liable to pay a license tax on each of its ice factories, and as alleged in its answer, it does pay the same; and if its sole business was the manufacture and sale of ice, under the express provision of section 4189a, it would be wholly excepted out of the provision requiring the payment of a license tax on its capital stock. Indeed it would be doing violence to the very plain provisions of that section to say that it was liable for the payment of such license tax on its capital stock which is employed by it in the manufacture and sale of ice.

Such a construction would result in a double taxation, and the courts will never construe revenue statutes so as to bring about double taxation when any other reasonable interpretation can be put upon them. (Commonwealth v. Ledman, 127 Ky., 603.)

(2)    There is no allegation in the answer that the defendant is liable to pay, or does pay any license tax in its cold storage business; in fact, so far as we have been able to find, there is no provision requiring the payment of any such tax. Then we have a large corporation with a capital stock of $1,500,000 engaged in two kinds of business, and paying a license tax to the State upon only

one of them. That is to say, it pays no license tax whatever either upon its cold storage business, or upon that part of its capital stock which is employed in, and engaged by it in the cold storage business.

The contention that the cold storage business is merely incidental to, and a part of the ice manufacturing business is manifestly unsound. Because ice is necessary in conducting the business of cold storage, it does not prevent the cold storage business from being a separate and distinct business from that of manufacturing ice. Ice is as equally necessary in conducting a saloon business as in running a cold storage plant; but it would hardly be argued that if a corporation was engaged in the manufacturing of ice, and also in running a saloon, that the payment of the license tax provided by the general law on the ice manufacturing business would exempt it from the payment of the tax provided for by law in the saloon business.

Because a corporation is authorized by its charter to engage in more than one kind of business, and the general law requires it to pay a license tax only on one kind, should that part of its capital stock which represents its investment in the other kind of business be exempted from the payment of a license tax on its capital stock under the statute? Clearly, we think not; it was the plain purpose of the statute fixing the license tax on the capital stock of corporations to require such corporations who pay no franchise or license tax on their business to pay a license tax on their capital stock. In the case of James, Auditor, v. Kentucky Refining Co., 132 Ky., 353, there was a kindred question to this. The refining company was a corporation, the principal business of which was the manufacture of oil from cotton seed; but incidentally it owned and operated its own tank cars for the transportation of the oil under some arrangement with the railroads. There was assessed against it a franchise tax upon its business of transporting oil; it sought to avoid the payment of a franchise tax, among other reasons, because the use of the cars was a mere incident to its business. The court in answering that contention said:

"It does not appear to us to be material whether the person exercising the privilege is engaged in it as a sole occupation or not. Indeed, several of those named in the statute may be lawfully exercised by a single corporation, a firm or a single individual, such, for example, as electric light companies and water companies. Yet if such

was the case, and in addition the same concern manufactured and sold ice, or even if the latter were its principal business, it would not be excused from paying not only one but two franchise taxes; one upon its business as an electric light company, and another upon its business as a water company.''

In that same case the company urged as a reason why it should not pay the franchise tax, that it had paid the license tax on its capital stock under the statute above quoted. The court said in response to that:

"Appellee complains that it reported under the Morris Bill (Revenue Act 1906, Laws 1906, p. 88, c. 22) and was assessed and paid a license tax for the year in suit (1907) upon its capital. It or the taxing officers, one or all, may have erred, but that will not prevent a correct application of the law when invoked by the taxing power. Doubtless, credit may be had on the tax now sought to be enforced for any excess, if there was any, so paid on the other assessment, for appellee was undeniably liable on its capital, for the tax due under the act of 1906, so far as the capital was not employed in this carrying business.''

The reasoning of the court in that case taken in connection with the plain object of the statute under consideration, makes it clear that appellant is liable for the payment of the license tax on so much of its capital stock as was employed or used by it in the conduct of its cold storage business.

Upon the return of the case the court will ascertain what part of the capital stock of appellant was employed by it in the conduct of its cold storage business, and enter a judgment accordingly.

Judgment reversed for further proceedings consistent herewith.